UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VANICE M. DiMARTINO,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>Defendant. | NO. C11-1684-TSZ-JPD<br><br>REPORT AND RECOMMENDATION |

Plaintiff Vanice M. DiMartino appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner") which denied her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-33 and 1381-83f, after a hearing before an administrative law judge ("ALJ"). For the reasons set forth below, the Court recommends that the Commissioner's decision be reversed and remanded for further proceedings.

I. FACTS AND PROCEDURAL HISTORY

At the time of the first administrative hearing, Plaintiff was a 50-year-old woman with a GED and training in commercial power sewing. Administrative Record ("AR") at 119. Her past work experience includes employment as a warehouse order picker, kitchen manager,

REPORT AND RECOMMENDATION - 1

cardroom floorperson, and server. AR at 115. Plaintiff was last gainfully employed in July 2001. AR at 114.

On February 28, 2005, Plaintiff filed a claim for SSI payments. *See* AR at 101. On July 23, 2004, she filed an application for DIB, alleging an onset date of September 30, 2002. AR at 71-73. Plaintiff asserted that she is disabled due to back pain, sleep apnea, depression, chronic fatigue, fibromyalgia, and obesity. AR at 114.

The Commissioner denied plaintiff's claim initially and on reconsideration. AR at 56-65. Plaintiff requested a hearing which took place on July 13, 2007. AR at 22. On November 2, 2007, the ALJ issued a decision finding plaintiff not disabled prior to June 18, 2007 (Plaintiff's 50th birthday) and denied benefits before that time period based on his finding that Plaintiff could perform a specific job existing in significant numbers in the national economy. AR at 33. After reviewing additional evidence, the Appeals Council denied Plaintiff's administrative appeal of the ALJ's decision, AR at 3-7, making the ALJ's ruling the "final decision" of the Commissioner as that term is defined by 42 U.S.C. § 405(g).

Plaintiff challenged the Commissioner's November 7, 2007 decision on August 3, 2009, and the Court remanded the case for further proceedings. *See DiMartino v. Astrue*, Case No. 09-1097JCC-JPD. Plaintiff's second administrative hearing was held on October 18, 2010, and the ALJ again found in a January 21, 2011 decision that Plaintiff was not disabled between the alleged onset date of September 30, 2002, and June 17, 2007, because Plaintiff could have performed a specific job existing in significant numbers in the national economy. AR at 769. Plaintiff's administrative appeal of the ALJ's decision was denied by the Appeals Council, AR at 743-745, making the ALJ's ruling the "final decision" of the Commissioner as that term is defined by 42 U.S.C. § 405(g). On October 11, 2011, Plaintiff timely filed the present action challenging the Commissioner's decision. Dkt. No. 1.

## II. JURISDICTION

Jurisdiction to review the Commissioner's decision exists pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

## III. STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

The Court may direct an award of benefits where "the record has been fully developed and further administrative proceedings would serve no useful purpose." *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002) (citing *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)). The Court may find that this occurs when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting the claimant's evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled if he considered the claimant's evidence.

*Id*. at 1076-77; *see also Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (noting that erroneously rejected evidence may be credited when all three elements are met).

## IV. EVALUATING DISABILITY

As the claimant, Ms. DiMartino bears the burden of proving that she is disabled within the meaning of the Social Security Act (the "Act"). *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (internal citations omitted). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is disabled under the Act only if her impairments are of such severity that she is unable to do her previous work, and cannot, considering her age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. *See* 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof during steps one through four. At step five, the burden shifts to the Commissioner. *Id.* If a claimant is found to be disabled at any step in the sequence, the inquiry ends without the need to consider subsequent steps. Step one asks whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(b), 416.920(b).[1] If she is, disability benefits are denied. If she is not, the Commissioner proceeds to step two. At step two, the claimant must establish that she has one

---

[1] Substantial gainful activity is work activity that is both substantial, i.e., involves significant physical and/or mental activities, and gainful, i.e., performed for profit. 20 C.F.R. § 404.1572.

or more medically severe impairments, or combination of impairments, that limit her physical or mental ability to do basic work activities. If the claimant does not have such impairments, she is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant does have a severe impairment, the Commissioner moves to step three to determine whether the impairment meets or equals any of the listed impairments described in the regulations. 20 C.F.R. §§ 404.1520(d), 416.920(d). A claimant whose impairment meets or equals one of the listings for the required twelve-month duration requirement is disabled. *Id.*

When the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, the Commissioner must proceed to step four and evaluate the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). Here, the Commissioner evaluates the physical and mental demands of the claimant's past relevant work to determine whether she can still perform that work. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is able to perform her past relevant work, she is not disabled; if the opposite is true, then the burden shifts to the Commissioner at step five to show that the claimant can perform other work that exists in significant numbers in the national economy, taking into consideration the claimant's RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g); *Tackett*, 180 F.3d at 1099, 1100. If the Commissioner finds the claimant is unable to perform other work, then the claimant is found disabled and benefits may be awarded.

## V. DECISION BELOW

On January 21, 2011, the ALJ issued a decision finding the following:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2006.

2. The claimant has not engaged in substantial gainful activity between the alleged onset date and June 17, 2007.

REPORT AND RECOMMENDATION - 5

3. Between the alleged onset date of disability, September 30, 2002, and June 17, 2007, the claimant has had the following severe impairments: Chronic fatigue, fibromya[l]gia, sleep apnea, obesity, and major depression.

4. Between the alleged onset date of disability, September 30, 2002, and June 17, 2007, the claimant has not had an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

5. After careful consideration of the entire record, I find that the claimant had the residual functional capacity to perform light work as defined in 20 CRR 404.1567(b) and 416.967(b) except she is able to lift or carry up to 10 pounds frequently and occasionally; she is able to sit for up to 6 hours in an 8-hour workday with normal breaks; she is able to stand or walk for up to 2 hours in an 8-hour workday with normal breaks; she must use her walker to ambulate at least some of the time; she is able to perform simple, repetitive, and routine tasks; she is able to exercise judgments in performance of simple repetitive tasks; she is able to interact with coworkers but would work best in a position that did not require collaboration with coworkers; and she is able to have superficial interaction with the public. She has no other restrictions or limitations.

6. Between the alleged onset date of disability, September 30, 2002, and June 17, 2007, the claimant was unable to perform any past relevant work.

7. The claimant was born on XXXXX, 1957 and was 45 years old, which is defined as a younger individual age 18-49 on the alleged disability onset date.[2]

8. The claimant had at least a high school education and was able to communicate in English.

9. Prior to June 18, 2007, transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled" whether or not the claimant has transferable job skills.

10. Prior to June 18, 2007, considering the claimant's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that the claimant could have performed.

---

[2] The actual date is deleted in accordance with Local Rule CR 5.2, W.D. Washington.

|   |   |
|---|---|
| 1 | 11. Between the alleged onset date of disability, September 30, 2002, and June 17, 2007, the claimant was not under a disability, as defined in the Social Security Act. |

AR at 762-769.

## VI. ISSUES ON APPEAL

The sole issue on appeal is whether substantial evidence supports the ALJ's finding that Plaintiff's combined impairments did not medically equal a listed impairment during the period between September 30, 2002, and June 17, 2007. Dkt. No. 17 at 1.

## VII. DISCUSSION

Plaintiff argues that the ALJ erred in finding that Plaintiff's combined impairments did not medically equal a listed impairment, in light of the ALJ's finding that Plaintiff must use a walker to ambulate "at least some of the time." AR at 763. According to Plaintiff, this finding suggests that Plaintiff had an inability to ambulate effectively, which in turn suggests that Plaintiff's obesity is medically equivalent to a listed impairment under Social Security Ruling ("SSR") 02-1p, 2000 WL 628049, at *5 (Sept. 12, 2002).

That ruling provides:

> We may also find that obesity, by itself, is medically equivalent to a listed impairment . . . . For example, if the obesity is of such a level that it results in an inability to ambulate effectively, as defined in sections 1.00(B)(2)(b) or 101.00(B)(2)(b) of the listings, it may substitute for the major dysfunction of a joint(s) due to any cause (and its associated criteria), with the involvement of one major peripheral weight-bearing joint in listings 1.02A or 101.02A, and we will then make a finding of medical equivalence.

*Id.* "Inability to ambulate effectively" is defined by regulation:

> Inability to ambulate effectively means an extreme limitation of the ability to walk; i.e., an impairment(s) that interferes very seriously with the individual's ability to independently initiate, sustain, or complete activities. Ineffective ambulation is defined generally as having insufficient lower extremity function [] to permit independent ambulation without the use of a hand-held assistive device(s) that limits the functioning of both upper extremities . . .

REPORT AND RECOMMENDATION - 7

> To ambulate effectively, individuals must be capable of sustaining a reasonable walking pace over a sufficient distance to be able to carry out activities of daily living. They must have the ability to travel without companion assistance to and from a place of employment or school. Therefore, examples of ineffective ambulation include, but are not limited to, <u>the inability to walk without the use of a walker</u>, two crutches or two canes, the inability to walk a block at a reasonable pace on rough or uneven surfaces, the inability to use standard public transportation, the inability to carry out routine ambulatory activities, such as shopping and banking, and the inability to climb a few steps at a reasonable pace with the use of a single hand rail. The ability to walk independently about one's home without the use of assistive devices does not, in and of itself, constitute effective ambulation.

20 C.F.R. pt. 404, subpt. P, app. 1, pt. A § 1.00(B)(2)(b) (emphasis added). Thus, in light of these definitions, Plaintiff argues that the ALJ's finding that Plainitff needs to use a walker "at least some of the time" is equivalent to a finding that Plaintiff cannot effectively ambulate, which should have resulted in a finding that Plaintiff's obesity was medically equivalent to a listed impairment.

The Commissioner disagrees, arguing that the ALJ's finding suggests that Plaintiff does not require the use of a walker all the time, but only some of the time. Dkt. 18 at 6. Furthermore, because Plaintiff did not argue below that her inability to effectively ambulate rendered her obesity medically equal to a listed impairment, the Commissioner argues that she waived this issue on appeal. Dkt. 18 at 7-8.

Assuming that this issue was not waived below[3], the Court's review of the entire record shows conflicting evidence regarding Plaintiff's use of a walker in order to ambulate during the period at issue. Though the Plaintiff testified[4] that she began using a walker in 2005 and used

---

[3] Plaintiff did testify about her need for a walker (AR at 1067-69), and the ALJ's decision referencing that need indicates that the ALJ and the parties were on notice that Plaintiff's ability to ambulate was in question.

[4] The Court notes that the Plaintiff does not challenge the ALJ's adverse credibility finding. The ALJ provided several reasons to discount the value of Plaintiff's testimony, and

REPORT AND RECOMMENDATION - 8

it "every day" thereafter (AR at 1067), the record contains many medical documents dated during the period at issue (between 2005 and 2007), some of which indicate that Plaintiff used a walker and some of which do not. *Compare* AR at 278, 638, 820, 825, 841, 848, 859 863 (indicating that either Plaintiff was walking or was using only a one-leg cane) *with* AR at 663, 677, 686, 692, 865, 945, 954, 1016, 1021, 1033, 1047, 1054 (indicating that Plaintiff was using a walker for ambulation). Furthermore, there are medical records from this same time period indicating that Plaintiff's providers were recommending an increased amount of walking and even the use of a mini-trampoline for exercise. *See* AR at 812, 839. Plaintiff has not cited, nor is the Court aware of any, evidence in the record analyzing the effect of Plaintiff's obesity (or any other impairment) on her ability to ambulate effectively. Instead, the state agency medical consultants found that Plaintiff's impairments did not meet or equal a listed impairment. AR at 490-95, 603-608.

Nonetheless, because the ALJ did not resolve the conflict in the evidence and did not explain what she meant by her finding that Plaintiff needed to use a walker "at least some of the time," the Court will remand for further proceedings on this issue. The ALJ should address explicitly whether Plaintiff met a listing by being unable to ambulate effectively without the use of a walker, and reconsider the remaining findings in her written decision in light of her finding on that issue.

---

also relied on the previous ALJ's findings regarding Plaintiff's limited credibility. *See* AR at 764-65 (citing AR at 31). Thus, the adverse credibility finding is affirmed.

REPORT AND RECOMMENDATION - 9

## VIII. CONCLUSION

For the foregoing reasons, the Court recommends that this case be REVERSED and REMANDED for further proceedings not inconsistent with the Court's instructions. A proposed order accompanies this Report and Recommendation.

DATED this 27th day of June, 2012.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION - 10